**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| BLUES ARROW INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. |
| ) | |
| AMERICAN INTER-FIDELITY ) | Honorable Judge: |
| CORPORATION, ) | |
| d/b/a American Inter-Fidelity ) | Magistrate: |
| Exchange, d/b/a AIFE; ) | |
| ) | |
| DYNAMIC SPECIALTY, INC.; ) | |
| ) | |
| FARMERS GROUP, INC.; and ) | **JURY TRIAL DEMANDED** |
| ) | |
| LEWIS INSURANCE GROUP, LLC ) | |
| d/b/a The Agents District Managers of ) | |
| Farmers Insurance Exchange; ) | |
| ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, BLUES ARROW INC., by its attorney, IGOR BOZIC, complaining of the defendants AMERICAN INTER-FIDELITY CORPORATION d/b/a American Inter-Fidelity Exchange d/b/a AIFE, DYNAMIC SPECIALTY, INC., FARMERS GROUP, INC., and LEWIS INSURANCE GROUP, LLC d/b/a The Agents District Managers of Farmers Insurance Exchange, upon information and belief and pleading in the alternative, states as follows:

### NATURE OF THE ACTION

1. This is a civil action for damages arising under Illinois law for (i) negligence by the insurance producer, Lewis Insurance Group, in failing to timely process a driver endorsement request; (ii) vicarious liability under the doctrine of respondeat superior against American Inter-Fidelity Corporation d/b/a American Inter-Fidelity Exchange, d/b/a AIFE, Dynamic Specialty Insurance, Inc., and Farmers Group, Inc.; and (iii) in the alternative, breach of contract and statutory bad faith under 215 ILCS 5/155 for wrongful denial of an insurance claim.

### PARTIES

2. Plaintiff, BLUES ARROW INC., is an Illinois corporation with its principal place of business at 1522 Dakota Dr., Elk Grove Village, Illinois 60007.

3. Defendant, AMERICAN INTER-FIDELITY CORPORATION d/b/a AMERICAN INTER-FIDELITY EXCHANGE, d/b/a AIFE ("AIFE"), is an Indiana corporation with its principal place of business in Fort Wayne, Indiana, authorized to write insurance in Illinois. AIFE issued Policy No. I23C8967-D1000-I15-404852 to Plaintiff through its agent, Dynamic Specialty Insurance, Inc.

4. Defendant, DYNAMIC SPECIALTY, INC. ("Dynamic"), is Florida corporation and a general agency and program administrator acting under delegated underwriting authority for AIFE and conducting business within the State of Illinois, with its principal place of business in Coral Springs, Florida.

5. Defendant, FARMERS GROUP, INC. ('Farmers Group"), is a Nevada corporation with its principal place of business in Los Angeles, California, managing and controlling

district agencies and marketing operations under the "Farmers Insurance" trade name, including Lewis Insurance Group.

6. Defendant, LEWIS INSURANCE GROUP, LLC d/b/a The Agents District Managers of Farmers Insurance Exchange ("Lewis"), by and through its principal and sole member DUSTIN LEWIS (a citizen of the State of Texas), is a Texas limited liability company with its principal place of business at 11757 Katy Fwy, Suite 1300, Houston, TX 77079, licensed and acting as an insurance producer and district manager under Farmers Group, Inc.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship.

8. This Court has personal jurisdiction over each Defendant pursuant to 735 ILCS 5/2-209(a), (b), and (c), as each Defendant has transacted business in Illinois and/or committed tortious acts within the State of Illinois, or has sufficient minimum contacts with Illinois such that the exercise of jurisdiction over them does not offend traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because one or more Defendants reside in this judicial district for venue purposes, and a substantial part of the events or omissions giving rise to the claims occurred in this District, including but not limited to the negotiation, communications, issuance, servicing, and denial of the subject insurance policy and related claim. Pursuant to 28 U.S.C. § 1391(c)(2), an entity with the capacity to sue and be sued is deemed to reside in any

judicial district in which it is subject to the court's personal jurisdiction with respect to the civil action in question.

## FACTUAL BACKGROUND

10. On July 24, 2025, Blues Arrow Inc. submitted a written request to Lewis Insurance Group to add driver Andrii Shkitko to Policy No. I23C8967-D1000-I15-404852.

11. Lewis confirmed receipt that same day but failed to process the endorsement until July 29, 2025, three days after the July 26 accident.

12. On July 30, Dynamic issued a backdated endorsement effective July 24, 2025, confirming the request should have been effective on the date received.

13. The Illinois Department of Insurance confirmed the request was timely made and acknowledged on July 24.

14. The delay directly caused denial of Blues Arrow's claim exceeding $120,000.

15. Lewis Insurance Group holds itself out publicly as a full-service commercial trucking insurance specialist providing "The Best Commercial Trucking Insurance in America" and promising trucking companies that "we don't just sell insurance, we solve freight-related risk problems***we act as your partner in risk management, compliance, and profit protection." Through its website, Lewis advertises that it helps trucking companies stay compliant, profitable, and prepared; reviews accounts every 90 days to catch unreported losses, missing driver info, and coverage gaps before they cost you; and provides 24/7 self-service COI portal and fast-response support to keep your trucks moving.

16. These statements constitute direct representations of professional expertise and due care, on which Blues Arrow reasonably relied when entrusting Lewis with its endorsement processing.

17. The producer's own marketing confirms that Lewis accepted responsibility for timely endorsement processing and risk management functions, demonstrating agency authority delegated by Dynamic Specialty, American Inter-Fidelity Corporation d/b/a AIFE, and Farmers Group, Inc.

18. Further, on Dynamic Specialty's own endorsement forms, Lewis is expressly identified as the "Agent," confirming its actual, apparent, and delegated authority to act on behalf of Dynamic and AIFE in processing endorsements.

19. At all relevant times, Lewis Insurance Group operated under the trade name "The Agents District Managers of Farmers Insurance Exchange," identifying itself as district managers and authorized representatives of Farmers Group, Inc.

20. Farmers Group manages and directs the network of district managers and affiliated agencies operating under the "Farmers" trade name, providing marketing, administrative, and supervisory support for insurance sales and servicing activities. Accordingly, Farmers Group, Inc. exercised control and oversight over the conduct of Lewis Insurance Group and held it out as part of the Farmers enterprise, creating apparent authority and establishing an agency relationship under Illinois common law.

## COUNT I – NEGLIGENCE
### (Against Lewis Insurance Group)

21. Plaintiff herein incorporates Paragraphs 1 through 20 above as though fully set forth herein.

22. Lewis owed Blues Arrow a duty of ordinary care, including but not limited to the duty to timely and accurately procure coverage requested by the insured.

23. Lewis breached that duty by failing to timely process the July 24 endorsement.

24. Lewis's own advertising affirmatively represents that it assists clients in avoiding coverage gaps and ensures continuous compliance; its failure to adhere to these professional standards constitutes a breach of the duty of care recognized in *Skaperdas v. Country Casualty Ins. Co.*, 2015 IL 117021.

25. As a direct and proximate result of Lewis's negligence, Plaintiff suffered damages including, but not limited to, the denial of insurance benefits, loss of the insured vehicle, towing and storage costs, loss of use, business interruption, and other consequential damages in excess of $120,000.

26. Plaintiff is entitled to recover all damages proximately caused by Lewis's negligent failure to procure the requested coverage and failure to exercise the ordinary care owed to the insured under Illinois law.

27. WHEREFORE, Plaintiff BLUES ARROW INC. respectfully requests that judgment be entered in its favor and against Defendant LEWIS INSURANCE GROUP, LLC on Count I, awarding compensatory damages in excess of $120,000, costs of suit, and such other and further relief as this Court deems just and proper.

### COUNT II – VICARIOUS LIABILITY
### (Against AIFE and Dynamic Specialty)

28. Plaintiff herein incorporates Paragraphs 1 through 27 above as though fully set forth herein.

29. At all relevant times, Lewis acted within his actual and apparent authority as an agent for American Inter-Fidelity Corporation d/b/a AIFE and Dynamic Specialty, Inc., both

of which delegated endorsement-processing duties to Lewis, benefited from his services, and/or ratified his conduct.

30. Lewis's marketing representations, his public-facing statements identifying himself as an insurance specialist for AIFE-administered trucking programs, and his appearance on Dynamic Specialty endorsement documents as the listed "Agent" created apparent authority for insureds, including Plaintiff, to rely on his actions as binding upon AIFE and Dynamic.

31. Under 735 ILCS 5/2-2201, the Illinois Insurance Placement Liability Act, and under Illinois common-law agency principles including *respondeat superior* and apparent-authority doctrines, AIFE and Dynamic are vicariously liable for the acts, omissions, and negligence of their producer and agent, Lewis, committed in the scope of his agency.

32. WHEREFORE, Plaintiff BLUES ARROW INC. respectfully requests that judgment be entered in its favor and against Defendants AMERICAN INTER-FIDELITY CORPORATION d/b/a AIFE and DYNAMIC SPECIALTY, INC. on Count II, awarding compensatory damages, reasonable attorney fees, costs of suit, and such other and further relief as this Court deems just and proper.

## COUNT III – BREACH OF CONTRACT
### (In Alternative Against AIFE)

33. Plaintiff herein incorporates Paragraphs 1 through 32 above as though fully set forth herein.

34. The Dynamic Endorsement Form establishes that American Inter-Fidelity Corporation d/b/a AIFE recognized effective coverage as of July 24, 2025, by issuing an endorsement with that effective date following Plaintiff's timely request.

35. AIFE's denial of the July 26 loss despite its own acknowledgment of the July 24 effective date constitutes a breach of the insurance contract and a breach of the implied covenant of good faith and fair dealing.

36. Plaintiff performed or substantially performed all conditions precedent, duties, and obligations required under the policy, including timely submission of the endorsement request, payment of premiums, and compliance with reporting obligations.

37. AIFE's refusal to honor coverage for the July 26 loss, on grounds solely attributable to its agents' and delegates' failure to process the endorsement request, constitutes a material breach of the policy.

38. As a result of AIFE's breach, Plaintiff suffered damages including the unreimbursed loss of the insured vehicle, towing and storage costs, loss of use, business interruption, and other consequential damages exceeding $120,000.

39. WHEREFORE, Plaintiff BLUES ARROW INC. respectfully requests that judgment be entered in its favor and against Defendant AMERICAN INTER-FIDELITY CORPORATION d/b/a AIFE on Count III, awarding compensatory damages in excess of $120,000, pre- and post-judgment interest, costs of suit, and such other and further relief as this Court deems just and proper.

### COUNT IV – STATUTORY BAD FAITH
### (In Alternative Against AIFE)

40. Plaintiff herein incorporates Paragraphs 1 through 39 above as though fully set forth herein.

41. American Inter-Fidelity Corporation d/b/a AIFE's denial of Plaintiff's claim - despite issuance of an endorsement recognizing an effective date of July 24, 2025 - was vexatious and unreasonable within the meaning of 215 ILCS 5/155, because the

denial was based solely on the insurer's own agents' failure to timely process the endorsement.

42. As a result of AIFE's vexatious and unreasonable conduct, Plaintiff is entitled to recover statutory penalties of up to $60,000, together with attorney's fees and costs, pursuant to 215 ILCS 5/155.

43. WHEREFORE, Plaintiff BLUES ARROW INC. respectfully requests that judgment be entered in its favor and against Defendant AMERICAN INTER-FIDELITY CORPORATION d/b/a AIFE on Count IV, awarding statutory penalties, attorney's fees, costs, and such further relief as the Court deems just and proper.

## COUNT V – VICARIOUS LIABILITY
### (Against Farmers Group, Inc.)

44. Plaintiff herein incorporates Paragraphs 1 through 43 above as though fully set forth herein.

45. At all relevant times, Lewis acted within his actual and apparent authority as a district manager, producer, and agent of Farmers Group, Inc.

46. Farmers Group, Inc. managed, controlled, supervised, and benefited from the operations of Lewis Insurance Group, which used Farmers branding and identified itself publicly as "The Agents District Managers of Farmers Insurance Exchange," thereby holding itself out as part of the Farmers enterprise and creating apparent authority for insureds to rely on its representations and actions.

47. Under the doctrine of *respondeat superior* and Illinois agency law, Farmers Group, Inc. is vicariously liable for all negligent acts and omissions of Lewis Insurance Group and its principal, Dustin Lewis, committed within the scope of their agency, employment, or delegated authority.

48. WHEREFORE, Plaintiff BLUES ARROW INC. respectfully requests that judgment be entered in its favor and against Defendant FARMERS GROUP, INC. on Count V, awarding compensatory damages, costs of suit, and such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BLUES ARROW INC., respectfully requests that this Court enter judgment jointly and severally against Defendants as follows:

A. Statutory damages under 215 ILCS 5/155 with attorney's fees and costs;

B. Consequential and business-interruption damages;

C. Punitive damages where permitted;

D. Pre- and post-judgment interest;

E. All costs of suit together with reasonable attorney's fees;

F. And such other and further relief as this Court deems just and proper.

This 5th day of December, 2025.

RESPECTFULLY SUBMITTED,

/s/*Igor Bozic*

_____

Igor Bozic, Esq

Attorney Igor Bozic
Attorney for Plaintiff
Blues Arrow, Inc.
Atty Number: 6315224
777 S Rohlwing Roa
Addison, IL 60101
312-858-8209
igor@nata-law.com

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

This 5th day of December, 2025.

RESPECTFULLY SUBMITTED,

/s/*Igor Bozic*

_____
Igor Bozic, Esq

Attorney Igor Bozic
Attorney for Plaintiff
Blues Arrow, Inc.
Atty Number: 6315224
777 S Rohlwing Roa
Addison, IL 60101
312-858-8209
igor@nata-law.com